## GODFREY HULSHIZER
### v.
## JULIA LAMOREUX, Administratrix, &c.

VENDOR AND PURCHASER—*remedy of administrator of the former to recover purchase money.* A purchaser of land gave his promissory note for an unpaid balance of the purchase money, the vendor covenanting "that upon the payment of said sum being made at the time and in the manner aforesaid," he would convey. The vendor died without having made a conveyance. In an action by his administrator upon the note, it was *held,* that, as the title to the land was the only consideration for the note, until that title was made, which the administrator could not make without the aid of chancery, no right of action accrued on the note.

APPEAL from the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

This was an action of assumpsit, commenced by Julia Lamoreux, as the administratrix of the estate of William Lamoreux, deceased, against Godfrey Hulshizer.

The plaintiff filed her *præcipe* on the 2d day of February, A. D. 1870. Summons was issued on the same day returnable to the March term, 1870, of said court, and duly served.

Declaration was filed on the 5th day of February, 1870, containing one special count and the usual common counts. The special count declared on the following note:

"MASON CITY, Ill., Nov. 28, 1867.

"On or before the 1st day of June, 1868, I promise to pay to the order of William Lamoreux, $900, with ten per cent per annum after date, for value received.

"GODFREY HULSHIZER"

The note was credited June 4, 1868, with $213.33.

The declaration alleged the death of William Lamoreux, the appointment of the plaintiff as administratrix, and averred at the close of the declaration as follows:

"And the plaintiff brings into court her letters of administration, which give sufficient evidence to said court here of the grant of administration to the plaintiff as aforesaid."

On the 10th day of March, 1870, the defendant filed his plea of the general issue to the declaration, upon which issue was joined.    On the same day the defendant filed his second plea, in substance as follows:

" And for a further plea in this behalf to the said declaration, the defendant says *actio non,* because, he says, the only cause of action sued on in said declaration, is said note described in the first count thereof, and the said declaration avers that the sole and only consideration for said note was the following described real estate, sold by William Lamoreux, deceased, in his life time, to said defendant, to-wit : Lots No. 5 and 6, in block No. 6, in the town of Mason City, Illinois, which said sale of lots was evidenced by a certain bond executed by said William Lamoreux, deceased, in his life time, in substance, as follows : That is to say, William Lamoreux acknowledged himself to be held and firmly. bound unto the said defendant in the penal sum of $1,000, to be paid unto the said defendant, his heirs, executors, administrators or assigns, to whom payment was well and truly to be made, he bound himself, heirs, executors and administrators, and every one of them firmly by those presents, sealed with the seal of the said William Lamoreux, deceased, and dated November 28th, 1867.    The condition written under said bond was, after reciting that the said William Lamoreux had that day sold to said defendant the said lots above described, for the sum of $1,200, of which said sum  $300 was to be paid down at the ensealing and delivery of said bond, and the balance, $900, on the 1st day of June, 1868, with ten per cent interest from date; that upon the payment of said sum being made at the time and in the manner aforesaid, the said William Lamoreux, for himself, his heirs, executors and assigns, covenanted and agreed to and with the said defendant, his heirs, executors, administrators and assigns, to execute a good and sufficient deed of conveyance in fee simple, free from all incumbrances, with full and proper covenants of warranty for the above described premises.

" Now, if the said William Lamoreux shall well and truly keep, observe and perform his said covenants and agreements herein contained, on his part, then the above obligation to be void, otherwise to remain in full force and virtue, which said bond was duly signed and sealed by the said William Lamoreux, and the said defendant avers that the said note set out in the first count, is the only remaining note or amount yet unpaid on said note due or to become due, and the defendant avers that said William Lamoreux, deceased, in his life time, nor his heirs, executors, administrators or assigns since his decease, at any time before the commencement of this said suit, nor at any time since, executed or offered to execute or tender to the said defendant upon the payment of the balance due on said note, a good and sufficient deed of conveyance in fee simple, free from all incumbrances, with full and proper covenants of warranty for the above described town lots, all of which the said defendant is ready to verify, etc."

To this plea the plaintiff demurred. The court sustained the demurrer, and rendered judgment for costs of demurrer against the defendant. The defendant elected to stand by his plea. A jury was then waived and the cause tried by the court, who found in favor of the plaintiff the sum of $904.88 damages, and entered judgment accordingly. To reverse this judgment the defendant appeals.

Messrs. LACEY & WALLACE, for the appellant.

Mr. I. R. BROWN, for the appellee.

Per CURIAM: Appellant's special plea disclosed a good defense. We see no distinction between this case and *Berger et al.* v. *Potter et al.* 32 Ill. 70. Here, as there, appellees could have asked the aid of a court of chancery to make a deed to appellant, and on making it, the right to recover on the note would be unquestionable. A title to the lot was the only consideration for the note, and until that title was made, which

appellees could not make without the aid of chancery, the note should not be paid.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*